**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | Bankr. Case No. 21-30427 (DRJ) |
| SEADRILL LIMITED, et al., | § | Chapter 11 |
| | § | Jointly Administered |
| *Debtors*,[1] | § | |
| ______________________________ | § | |
| | § | |
| Christopher Fields, | § | |
| | § | Adv. Proc. No. ________________ |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | |
| SEADRILL LIMITED, et al., | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Christopher Fields ("Plaintiff" or "Fields") now files this Complaint against Defendants Seadrill Limited, Seadrill Americas, Inc., and all other Debtor entities associated with Seadrill Limited (collectively "Defendants"). In support, Plaintiff states as follows:

**PARTIES**

1. Plaintiff Christopher Fields is a citizen of the United States and a resident of Brookhaven, Mississippi.

2. Defendant Seadrill Limited is a corporation authorized to transact business in the state of Texas. It may be served with process at the company office located at 11025 Equity Drive, Suite 150, Houston, Texas 75201 or as may otherwise be permitted.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.primeclerk.com/SeadrillLimited. The location of Debtor Seadrill Americas, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 11025 Equity Drive, Suite 150, Houston, Texas 77041.

3. Defendant Seadrill Americas, Inc. is a corporation authorized to transact business in the state of Texas. It may be served with process at the company office located at 11025 Equity Drive, Suite 150, Houston, Texas 75201 or as may otherwise be permitted.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims described in this Complaint pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

5. This is a core proceeding under 28 U.S.C. §§157-(b)(2).

6. Venue is proper in this district and division because the violations described in this complaint are related to a case under chapter 11 of the United States Bankruptcy Code that is pending in this district and division 28 U.S.C. § 1409(a).

## FACTS

7. Plaintiff worked as roughneck on at Defendants at the Sevan Louisiana Rig.

8. Plaintiff began working for Defendants in or about December of 2012.

9. Plaintiff is a black/African American male.

10. On or about March 12, 2021, around midnight at the time Plaintiff was beginning his shift, Plaintiff and another black/African American employee found a noose in their locker that was left by another employee at Defendants.

11. Plaintiff and the other black/African American employee reported the noose to their supervisor and a representative of Human Resources.

12. The act of leaving a noose in the locker for the Plaintiff and the other black/African American employee to see was racially charged.

13. That same evening, Plaintiff and the other black/African American were pulled off the rig and sent home so that Defendants could "investigate". However, Plaintiff and the other

black/African American employee were never informed of the findings of the investigation.

14. Instead, Plaintiff and the other black/African American were terminated.

15. On or about February 10, 2021, Defendants filed for Chapter 11 Bankruptcy.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. On or about May 17, 2021, Plaintiff timely filed a charge of discrimination with the EEOC and the Texas Workforce Commission Civil Rights Division.

17. The EEOC issued Plaintiff a right to sue letter on or about May 25, 2020.

18. This lawsuit has been filed within 90 days of the EEOC's issuance of that Notice. Consequently, this lawsuit has been filed within 90 days of Plaintiff's receipt of that Notice.

19. Based on the foregoing, Plaintiff has exhausted all administrative remedies required by Title VII of the Civil Rights Act of 1964 ("Title VII").

## FIRST CAUSE OF ACTION (RACE DISCRIMINATION)

20. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

21. Plaintiff is a member of a protected class under Title VII and 42 U.S.C. § 1981 because he is black/African American.

22. Defendants' conduct was unwelcomed by Plaintiff.

23. Defendants' conduct was so severe and/or pervasive that it altered conditions of Plaintiff's employment.

24. Defendants' conduct was subjectively offensive to Plaintiff.

25. The act of placing a noose in a locker for a black/African American employee to see would be offensive to a reasonable person.

26. Such conduct violates Title VII.

27. Plaintiff has been damaged by the discrimination against him.

28. Defendants acted with malice and/or reckless disregard for Plaintiff's statutorily-protected rights. An award of exemplary damages is therefore warranted.

**SECOND CAUSE OF ACTION (RETALIATION)**

29. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

30. Plaintiff engaged in a protected activity by opposing unlawful employment practices when he complained of race discrimination on or around Marcy 12, 2021.

31. Plaintiff suffered a materially adverse action when Defendant terminated Plaintiff's employment.

32. Such conduct violates Title VII.

33. Defendants' retaliation against Plaintiff after he reported racial discrimination also violates Plaintiff's rights pursuant to 42 U.S.C. § 1981.

34. Defendants' violations of Title VII, 42 U.S.C. § 1981 have caused Plaintiff damage.

35. Defendants acted with malice and/or reckless disregard for Plaintiff's statutorily-protected rights. An award of exemplary damages is therefore warranted.

**THIRD CAUSE OF ACTION (OBJECTION TO DISCHARGE OF PLAINTIFF'S TITLE VII AND 42 U.S.C. § 1981 UNDER 11 U.S.C. § 523(A)(6))**

36. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

37. Plaintiff engaged in a protected activity by opposing unlawful employment practices when he complained of race discrimination on or around Marcy 12, 2021.

38. Under 11 U.S.C. § 11 523(a)(6), a debt is non-dischargeable if it is the result of "willful and malicious injury by the debtor to another entity or to the property of another entity[.]"

39. Because Defendants' conduct with respect to the violations of Title VII and 42 U.S.C. § 1981 was wrongful and without just cause or excuse, Defendants maliciously injured Plaintiff.

## ATTORNEYS' FEES

40. If Plaintiff prevails, he is entitled to an award of reasonable and necessary attorneys' fees.

## JURY DEMAND

41. Plaintiff would hereby demand a trial by jury on all claims that may be tried to a jury.

## PRAYER FOR RELIEF

Plaintiff hereby prays that Defendants be cited to appear and that, upon trial, the Court enter a judgment in his favor for the following:

a) Back pay;
b) Compensatory damages;
c) Punitive damages;
d) Reinstatement and/or front pay;
e) Taxable court costs;
f) Exemplary damages;
g) Attorney's fees;
h) An order designating all of the damages incurred by Plaintiff as a result of Defendants' violations of Title VII and 42 U.S.C. § 1981 as non-dischargeable under 11 U.S.C. § 523(a)(6) or, alternatively, as a first priority post-petition expense under 11 U.S.C. § 503(b)(1)(A) or, alternatively, as having wage priority status under 11 U.S.C. § 507(a)(4)-(5) up to $13,650 and the remainder as a general unsecured claim; and
i) Such other and further relief to which he may show himself entitled.

Respectfully submitted,

THROCKMORTON LAW FIRM PLLC

By: */s/Connor Throckmorton*
Connor Throckmorton
S.D. Tex. #3065092
TX Bar #24103965
5850 San Felipe Street, Suite 500
Houston, Texas 77057
Telephone: (713) 400-6173
Facsimile: (713) 583-8380
Email: connor@throckmortonlaw.com
***ATTORNEY FOR PLAINTIFF***