IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SEADRILL LIMITED, et al., | ) ) ) | Case No. 21-30427 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Charles Williams, through undersigned counsel, respectfully moves the Court for an order under 11 U.S.C. § 362 lifting the automatic stay to allow them to liquidate their personal-injury tort claims against Seadrill Limited ("Seadrill") and its associated debtors, which are currently pending in United States Bankruptcy Court, Southern District of Texas.

### BACKGROUND

In January 2015, Mr. Williams was seriously and permanently injured while walking down an unsafe flight of stairs on the vessel *WEST VELA*. In November 2017, Mr. Williams sued Seadrill in the United States District Court, Western District of Louisiana seeking damages arising out of these injuries. *See Charles Williams v. British Petroleum et al.*, Case 6:17-cv-01559, United States District Court, Western District of Louisiana.[1] Following the filing of his original complaint, three Supplemental and Amending Complaints were filed on December 6, 2017, January 18, 2018, and January 27, 2020.[2]

---

[1] The complaint filed by Mr. Williams is attached as Exhibit 1 *in globo*.

[2] See Exhibit 1 *in globo.*

1

Seadrill filed an answer on March 13, 2020.[3] The parties have also sent discovery requests and responses, and discovery has not yet been completed.

In December 2020, Seadrill filed a voluntary petition for Chapter 11 bankruptcy in this Court. Mr. Williams respectfully requests an order lifting the automatic stay and thereby allowing his personal-injury claims against Seadrill to proceed along with the other claims in the *Williams* action in the United States District Court, Western District of Louisiana.

## DISCUSSION

The Bankruptcy Code allows the Court to grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1). Although the Fifth Circuit has not adopted any specific standard for determining whether "cause" exists, it has previously cited to the Fourth Circuit's analysis in *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992). *See In re Barnes*, 279 F. App'x 318, 319 (5th Cir. 2008). In general, the Court "must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *Robbins*, 964 F.2d at 345. More specifically, the Court should consider:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary;
>
> (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and
>
> (3) whether the estate can be protected by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

*Id.* Here, all of the *Robbins* factors suggest that the stay should be lifted.

First, the claims against Seadrill in the *Williams* action are federal-law tort claims and do not require the expertise of the bankruptcy court and, second, allowing the claims against Seadrill to proceed to judgment in district court is by far the most efficient procedure. Separating Seadrill

---

[3] The answer filed by SEADRILL LIMITED. is attached as Exhibit 2.

from the *Williams* litigation and having the claims against it tried in a duplicative federal-court proceeding would be tremendously inefficient and would create a risk of inconsistent determinations in the two cases. Moreover, the claims against Seadrill are "personal injury tort...claims"—non-core matters that may not be decided by this Court and would instead have to be "tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose." 11 U.S.C. § 157(b)(5).

Finally, Mr. Williams seeks only to prosecute his claims against Seadrill to judgment in district court; they will not attempt to execute any judgment against Seadrill outside of this Court, except as allowed by this Court. Ultimately, there is no prejudice to Seadrill if the claims against are allowed to proceed in district court.

## CONCLUSION

For the reasons explained above, Mr. Williams respectfully requests that the Court enter an order lifting the automatic stay and allowing them to liquidate their claims against Seadrill Limited in *See Charles Williams v. British Petroleum et al.*, Case 6:17-cv-01559, United States District Court, Western District of Louisiana

Respectfully submitted,

BROUSSARD & DAVID, LLC

*/s/ Jerome H. Moroux*

JEROME H. MOROUX (#32666)
SCOTT M. RICHARD (#36643)
557 Jefferson Street
P.O. Box 3524
Lafayette, Louisiana 70502-3524
PH: 337-233-2323
FX: 337-233-2353
EMAIL: jerome@broussard-david.com
COUNSEL FOR MOVANT

3

**CERTIFICATE OF SERVICE**

I, the undersigned, counsel for Plaintiff, do hereby certify that I have this day filed the above and foregoing document using the Court's ECF electronic filing system.

Lafayette, Louisiana, this 25th day of August, 2021.

*/s/ Jerome H. Moroux*

JEROME H. MOROUX

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| SEADRILL LIMITED, et al., | ) ) ) | Case No. 21-30427 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |

## **ORDER**

CONSIDERING THE FORGOING:

IT IS ORDERED, AJUDGED, and DECREED that movant, CHARLES WILLIAMS', Motion for Relief from Automatic Stay be and is hereby GRANTED; and

IT IS HEREBY FURTHER ORDERED, AJUDGED, and DECREED that said stay be and is hereby LIFTED to the extent necessary to allow movant, CHARLES WILLIAMS to liquidate his personal injury claim against Seadrill Limited in the pending matter entitled *Charles Williams v. British Petroleum et al.*, Case 6:17-cv-01559, currently pending in the United States District Court for the Western District of Louisiana.

Thus, done and signed, this _____ day of _____ 2021, in Houston, Texas.

_____
JUDGE

1