IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| SEADRILL LIMITED LLC, *et al* § | |
| § | CASE NO. 21-30427 |
| § | |
| § | Chapter 11 |
| Debtors § | (Jointly Administered) |

**RICHEY ROAD MUNICIPAL UNTILITY DISTRICT'S OBJECTION TO THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF SEADRILL LIMITED AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPCTY CODE**
(Relates to Doc. No. 964)

**To:** The Honorable United States Bankruptcy Judge

COMES NOW Richey Road Municipal Utility District, a secured creditor and party in interest ("Richey Road MUD") and files this Objection to the First Amended Joint Chapter 11 Plan of Reorganization of Seadrill Limited LLC and Its Debtor Affiliates (the "Plan") (Doc. No. 964).

**Background**

1. Richey Road MUD is a political subdivision of the State of Texas, authorized and required by the Texas Constitution and laws to levy and collect taxes on taxable property within its boundaries, in order to operate and discharge their public purposes.

2. Richey Road MUD holds secured pre-petition tax claims in the estimated amount of $4,619.95[1] (the "Tax Claims"). The Tax Claims are secured by tax liens on the real and tangible

---

[1] The Tax Claims are currently estimated as assessments for the 2021 tax year remain on-going. This amount is an estimate only and subject to change.

1

business personal property of the Debtors. The liens for the 2021 tax year attached to the Debtors' property on January 1, 2021.

3.  Richey Road MUD's tax liens (the "Tax Liens") are senior to any other secured claim in this case as provided by Article VIII, Section 15 of the Texas Constitution, and Section 32.01 and Section 32.05(b) of the Texas Property Tax Code. See also *Stanford v. Butler*, 826 F.2d 353 (5th Cir. 1987): *Universal Seismic Associates, Inc.* 288 F.3d 205 (5th Cir. 2002); *In Re Winn's Stores, Inc.* 177 B.R. 253 (Bktcy W.D. Tex. 1995).

## Proposed Plan Treatment

4.  The Plan proposes to treat Class 1 – Other Secured Tax Claims as follows:

> 1. **Class 1 — Other Secured Claims**
>
>    (a) *Classification*: Class 1 consists of all Other Secured Claims against the Debtors.
>
>    (b) *Treatment*: Each holder of an Allowed Other Secured Claim shall receive, as determined by the Debtors or the Reorganized Debtors, as applicable:
>
>    (i) payment in full in Cash of its Allowed Other Secured Claim;
>
>    (ii) the collateral securing its Allowed Other Secured Claim;
>
>    (iii) Reinstatement of its Allowed Other Secured Claim; or
>
>    (iv) such other treatment rendering its Allowed Other Secured Claim Unimpaired in accordance with section 1124 of the Bankruptcy Code.
>
>    (c) *Voting*: Class 1 is Unimpaired under the Plan. Holders of Allowed Other Secured Claims are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. Therefore, such holders are not entitled to vote to accept or reject the Plan.

## Limited Objection

5.  Richey Road MUD objects to confirmation of the Plan in that it fails to provide for the retention of their pre-petition and post-petition liens on its collateral. The Plan should not be confirmed unless and until it specifically provides for the Certain Texas Taxing Entities pre-petition and post-petition liens to remain on the Debtors' real and tangible personal property until

the pre- and post-petition taxes are paid in full, with interest that has accrued post-petition and may accrue in the future.

6.      Richey Road MUD objects to the confirmation of the Plan in that it fails to provide for the payment of interest on their claims at the applicable non-bankruptcy rate from date of delinquency until paid in full as required by 11 U.S.C. § 511 and Texas law.

7.      Richey Road MUD objects to confirmation of the Plan in that it provides the Debtors an option to return collateral securing the Tax Claims to other members of Class 1 who may hold junior liens. Such return of the collateral would result in preferential treatment of the claims of junior secured creditors.

8.      Richey Road MUD objects to confirmation of the Plan to the extent it fails to comply with the requirements of 11 U.S.C. § 1129(a) by failing to provide payment of the Tax Claims with any specificity. Richey Road MUD cannot determine when or how they will be paid.

9.      Richey Road MUD objects to confirmation of the Plan to the extent it unfairly discriminates in the treatment of the claims of similarly situated creditors.

10.     Richey Road MUD objects to confirmation of the Plan in that it requires prior approval for the amendment of claims on or after the effective date. In the event that the Tax Claims include amounts that are estimated, Richey Road MUD should be allowed to amend those claims upon the certification of the ad valorem tax amounts.

11.     Richey Road MUD objects to confirmation of the Plan because it fails to provide for a clear provision for notice of and remedies for default. Pursuant to 11 USC §1123(a)(5)(G), the plan must provide for an adequate means for plan implantation such as "curing or waiving any default."

12.     Richey Road MUD objects to the confirmation of the plan to the extent that they are required to file administrative claims for post-petition taxes or are subject to any administrative

bar dates. Pursuant to 11 USC §503(b)(1)(D), governmental units are not required to file a request for payment of administrative expenses such as post-petition taxes.

13.	Richey Road MUD objects to the confirmation of the plan to the extent if fails to provide for the payment of post-petition taxes in the ordinary course of business prior to delinquency, making the failure to pay such taxes an event of default under the Plan.

14.	Richey Road MUD object to the confirmation of the plan to the extent that the confirmation order allows for any exit-financing that would prime the senior secured liens of Richey Road MUD.

15.	Richey Road MUD objects to the confirmation of the Plan to the extent it requires the application for payment of it's claims or production of a W-9 as a condition precedent to payment.

15.	Counsel for Richey Road MUD has or will attempt to confer with counsel for the Debtors to resolve this objection, but an agreement has not yet been reached.

## **Prayer**

WHEREFORE, Richey Road MUD respectfully request that the Court deny confirmation of the Plan, until and unless the Objection is remedied, and grant them such other and further relief as is just.

Respectfully submitted,

PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, L.L.P.
Attorneys for Richey Road MUD
1235 North Loop West, Suite 600
Houston, Texas 77008
(713) 862-1860 (phone) (713) 862-1429 (fax)

/s/ *Melissa E. Valdez*
Melissa E. Valdez
Texas State Bar No. 24051463
Owen M. Sonik
Texas State Bar No. 18847250

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2021 a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, including but not limited to the following:

**DEBTORS' COUNSEL**

**Jackson Walker LLP**
Matthew D Cavenaugh
Jennifer F. Wertz
Vienna F. Anaya
Victoria Argeroplos
Email: mcavenaugh@jw.com; jwertz@jw.com; vanaya@jw.com; vargeroplos@jw.com

**Kirkland & Ellis LLP**
Anup Sathy, P.C.
Ross M. Kwasteniet
Brad Weiland
Spencer Winters
Email: anup.sathy@kirkland.com; rkwasteniet@kirkland.com; bweiland@kirkland.com; spencer.winters@kirkland.com

**Haynes and Boone, LLP**
Charles A Beckham, Jr
Email: beckhamc@haynesboone.com

**UNITED STATES TRUSTEE**
Hector Duran, Jr
Stephen Douglas Statham
Email: Hector.Duran.Jr@usdoj.gov; stephen.statham@usdoj.gov

And all other parties via CM/ECF-enotice.

> /s/ *Melissa E. Valdez*
> Melissa E. Valdez