## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SEADRILL LIMITED, *et al.*,[1] | ) | Case No. 21-30427 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. 1418** |

## STIPULATION BY AND BETWEEN
## THE REORGANIZED DEBTORS AND NORTHERN OCEAN
## LIMITED, HHI DEEPWATER SEMI II, INC., WEST MIRA, INC.,
## AND SEADRILL NORTHERN OPERATIONS, LTD. RESOLVING
## CLAIMS PURSUANT TO SECTION 503(b) OF THE BANKRUPTCY CODE

The above-captioned reorganized debtors (before the Effective Date of the Plan, collectively, the "Debtors," and after the Effective Date of the Plan, collectively, the "Reorganized Debtors")[2] and Northern Ocean Limited ("NOL"), HHI Deepwater Semi II, Inc. ("HHI"), West Mira Inc. ("WMI"), and Seadrill Northern Operations, Ltd. ("SNOL" and collectively with NOL, HHI, and WMI, the "Claimants" and the Claimants together with the Reorganized Debtors, the "Parties") hereby enter into this stipulation and agreed order (the "Stipulation and Order") as set forth below.

---

[1] A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/SeadrillLimited. The location of Reorganized Debtor Seadrill Americas, Inc.'s principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is 11025 Equity Drive, Suite 150, Houston, Texas 77041.

[2] A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Grant Creed, Chief Restructuring Officer of Seadrill Limited, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 41] (the "First Day Declaration"), filed on February 11, 2021, and incorporated by reference herein. Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to such terms in the *Second Amended Joint Chapter 11 Plan of Reorganization of Seadrill Limited and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1109] (the "Plan").

**Recitals**

**WHEREAS**, on February 10, 2021, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Petition Date");

**WHEREAS**, on August 8, 2021, Debtor Seadrill Norway Operations Ltd. and HHI executed an amendment and restatement agreement in relation to their March 17, 2020 bareboat charter agreement (the "BCA");

**WHEREAS**, on October 26, 2021, the Court entered the *Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of Seadrill Limited and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1158];

**WHEREAS**, on October 29, 2021, certain of the Debtors and the Claimants entered into a settlement agreement that was approved by the *Order Approving the Settlement Agreement Between the Debtors and Northern Ocean Limited, Including the Assumption of Certain Contracts Pursuant to Section 365(a) of the Bankruptcy Code* [Docket No. 1187] (the "Settlement Agreement");

**WHEREAS**, the Settlement Agreement and the amended and restated BCA became effective on December 23, 2021;

**WHEREAS**, the Effective Date of the Plan occurred on February 22, 2022;

**WHEREAS**, on March 24, 2022, the Claimants filed the *Application for Allowance and Payment of Administrative Claim of Northern Ocean Limited, HHI Deepwater Semi II, Inc., West Mira Inc., and Seadrill Northern Operations, Ltd.* [Docket No. 1418] (the "Application") seeking administrative expense claims for $4,913,241.67 (exclusive of VAT tax refunds), consisting of

claims for the following: (i) charter hire for February 2022 and March 2022 in the amount of $2,811,141.67 (the "Charter Hire Claim"); (ii) a 21-day early termination fee in the amount of $2,102,100 (the "Early Termination Claim"); and (iii) potential double recovery indemnification claims relating to value added tax ("VAT") refunds for which both the Reorganized Debtors and the Claimants may have filed (the "VAT Refund Claim" and collectively with the Charter Hire Claim and the Early Termination Claim, the "Administrative Expense Claims");

**WHEREAS**, on April 8, 2022, the Reorganized Debtors paid the Claimants in full the amount ($2,811,141.67) underlying the Charter Hire Claim;

**WHEREAS**, on April 19, 2022, the Reorganized Debtors made a partial payment to the Claimants of $145,482.30 on account of the Early Termination Claim and, subsequently, informed the Claimants that they contested their obligation to pay the remaining $1,956,617.70 balance of the Early Termination Claim; and

**WHEREAS**, the Reorganized Debtors and the Claimants entered into this Stipulation and Order after arm's-length discussions in an effort to resolve the remaining Administrative Expense Claims on a consensual basis.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Parties through their respective counsel of record, which agreement, when "so-ordered" by the Court, shall constitute an order of the Court, as follows:

1.      The Application is hereby resolved on the terms set forth herein, and upon the occurrence of (a) approval of this Stipulation and Order and (b) payment by the Reorganized

Debtors of the full amount of the Remaining Early Termination Claim Settlement Amount (as defined herein), the Application shall be deemed withdrawn with prejudice.

2.      This Stipulation and Order shall not become effective unless and until it is approved by the Court.

3.      In full and final settlement of the Administrative Expense Claims, the Claimants shall have an allowed administrative expense claim against the Reorganized Debtors in the total aggregate amount of $1,746,405 (the "Remaining Early Termination Claim Settlement Amount"), which shall be paid in full no later than three (3) business days of the Parties' entry into this Stipulation and Order.

4.      In consideration of each Party's entry into this Stipulation and Order: (a) each Reorganized Debtor, on behalf of itself and its affiliates, bankruptcy estate (including any successor cases under Chapter 7 of the U.S. Bankruptcy Code), current and former officers, directors, members, managers, agents, employees, subsidiaries, parents, heirs, executors, administrators, accountants, attorneys, advisors, and other representatives, predecessors, successors, and assigns hereby releases any and all claims it has, had or may have, including any claims arising under or relating to the BCA or the Settlement Agreement or any VAT-related claims, against any Claimant, together with its affiliates, bankruptcy estate (including any successor cases under Chapter 7 of the U.S. Bankruptcy Code), current and former officers, directors, members, managers, agents, employees, subsidiaries, parents, heirs, executors, administrators, accountants, attorneys, advisors, and other representatives, predecessors, successors, and assigns; and (b) each Claimant, on behalf of itself and its affiliates, bankruptcy

estate (including any successor cases under Chapter 7 of the U.S. Bankruptcy Code), current and former officers, directors, members, managers, agents, employees, subsidiaries, parents, heirs, executors, administrators, accountants, attorneys, advisors, and other representatives, predecessors, successors, and assigns hereby releases any and all claims it has, had or may have, including any claims arising under or relating to the BCA or the Settlement Agreement or any VAT-related claims, against any Reorganized Debtor, together with its affiliates, bankruptcy estate (including any successor cases under Chapter 7 of the U.S. Bankruptcy Code), current and former officers, directors, members, managers, agents, employees, subsidiaries, parents, heirs, executors, administrators, accountants, attorneys, advisors, and other representatives, predecessors, successors, and assigns.

5.      Each Claimant covenants in favour of each Reorganized Debtor and each Reorganized Debtor covenants in favour of each Claimant that following the effective date of this Stipulation and Order, it will not take any step or proceeding or make or assert any claim (whether by way of litigation or otherwise) against a Reorganized Debtor or a Claimant (as applicable) in connection with or in relation to (either directly or indirectly) the claims released in this Stipulation and Order.

6.      Each Party stipulates and agrees that no Party has any further obligations required under the BCA or the Settlement Agreement.

7.      Once effective, this Stipulation and Order shall be binding on and inure to the benefit of the Parties hereto and their respective successors and assigns.

8.     This Stipulation and Order shall not be modified, altered, amended, or vacated without written consent of the Parties.  Any such modification, alteration, amendment, or vacation, in whole or in part, shall be subject to the approval of the Court.

9.     This Stipulation and Order contains the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation and Order.

10.     Each of the undersigned counsel represents that they have been authorized to execute this Stipulation and Order on behalf of their respective clients.

11.     This Stipulation and Order may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original, but all of which together shall constitute one instrument.

12.     The Parties are authorized to take all actions necessary to effectuate the relief granted pursuant to this Stipulation and Order.

13.     The terms and conditions of this Stipulation and Order shall be immediately effective and enforceable upon its approval by the Court.

14.     The Court shall have exclusive jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Stipulation and Order.

**THE FOREGOING STIPULATION IS HEREBY APPROVED AND SO ORDERED.**

Signed: _____, 2022

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

Stipulated and agreed by:

Houston, Texas
June 3, 2022

/s/ *Matthew Cavenaugh*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Vienna F. Anaya (TX Bar No. 24091225)
Victoria Argeroplos (TX Bar No. 24105799)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:  (713) 752-4200
Facsimile:  (713) 752-4221
Email:  mcavenaugh@jw.com
           jwertz@jw.com
           vanaya@jw.com
           vargeroplos@jw.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Spencer Winters (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:  asathy@kirkland.com
           rkwasteniet@kirkland.com
           spencer.winters@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christopher Marcus, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:  cmarcus@kirkland.com

*Counsel to the Reorganized Debtors*

/s/ *Charles Kelley*

**MAYER BROWN LLP**
Charles S. Kelley (State Bar No. 11199580)
700 Louisiana St., Suite 3400
Houston, Texas 77002
Telephone:  (713) 238-2634
Email:  ckelley@mayerbrown.com

- and -

**MAYER BROWN LLP**
Adam C. Paul (admitted pro hac vice)
Tyler R. Ferguson (admitted pro hac vice)
Alexander F. Berk (admitted pro hac vice)
71 South Wacker
Chicago, IL 60606
Telephone:  (312) 782-0600
Facsimile:  (312) 701-7711
Email:  apaul@mayerbrown.com
           tferguson@mayerbrown.com
           aberk@mayerbrown.com

*Counsel to the Claimants*

**<u>Certificate of Service</u>**

I certify that on June 3, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew Cavenaugh*
Matthew D. Cavenaugh