**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|   |   |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| SEADRILL LIMITED, *et al.*,[1] ) | Case No. 21-30427 (DRJ) |
| ) | |
| Reorganized Debtors. ) | (Jointly Administered) |
| ) | |

**REORGANIZED DEBTORS'**
**ELEVENTH OMNIBUS OBJECTION TO CERTAIN**
**PROOFS OF CLAIM (SATISFIED CLAIMS, PARTIALLY SATISFIED**
**CLAIMS, NO LIABILITY CLAIMS, LATE FILED CLAIM, AND AMENDED CLAIM)**

> **This is an objection to your claim(s). This objection asks the Court to disallow the claim(s) that you filed in this bankruptcy case. If you do not file a response within 30 days after the objection was served on you, your claim may be disallowed without a hearing.**
>
> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within thirty days from the date this motion was filed. Otherwise, the Court may treat the Objection as unopposed and sustain the relief requested.**
>
> **A hearing will be conducted on this matter on May 10, 2023 at 1:00 p.m. in Courtroom 400, 4th floor, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Jones's conference room number is 205691. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Jones's home page. The meeting code is "JudgeJones". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

---

[1] A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/SeadrillLimited/. The location of Reorganized Debtor Seadrill Americas, Inc.'s principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is 11025 Equity Drive, Suite 150, Houston, Texas 77041.

> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Jones's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**
>
> **This Objection seeks to disallow and expunge certain proofs of claim. Claimants receiving this Objection should locate their names and claims on Schedule 1, Schedule 2, Schedule 3, Schedule 4, or Schedule 5 to the Proposed Order attached to this Objection.**

The above-captioned reorganized debtors (before the Effective Date of the Plan,[2] collectively, the "Debtors," and after the Effective Date of the Plan, collectively, the "Reorganized Debtors") represent as follows in support of this omnibus claims objection (this "Objection"):

## Relief Requested

1. The Reorganized Debtors seek entry of an order, substantially in the form attached hereto (the "Order"), disallowing each proof of claim identified in the "Claims to be Disallowed" column on: (a) Schedule 1 to the Order (collectively, the "Satisfied Claims"), because the Reorganized Debtors have determined that such claims have been satisfied or released prior to or during the Reorganized Debtors' chapter 11 cases in accordance with the Bankruptcy Code, applicable rules, or an order of the Court, or in the ordinary course of the Debtors' business and in the manner set forth on Schedule 1; (b) Schedule 2 to the Order (collectively, the "Partially Satisfied Claims"), because the Reorganized Debtors have determined that portions of certain claims have been satisfied or released prior to or during the Reorganized Debtors' chapter 11 cases in accordance with the Bankruptcy Code, applicable rules, or an order of the Court, or in the ordinary course of the Debtors' business and in the manner set forth on Schedule 2; (c) Schedule 3

---

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to such terms in the *Second Amended Joint Chapter 11 Plan of Reorganization of Seadrill Limited and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1109] or the Objection Procedures Order (as defined herein), as applicable.

2

to the Order (collectively, the "No Liability Claims"), because the Reorganized Debtors have determined they are not liable for such claims, for the reasons set forth on Schedule 3; (d) Schedule 4 to the Order (the "Late Filed Claim"), because the Reorganized Debtors have determined that such claim was filed after the applicable Bar Date; and (e) Schedule 5 to the Order (the "Amended Claim"), because the Reorganized Debtors have determined that such claim has been amended by a subsequently filed proof of claim as set forth on Schedule 5. The Reorganized Debtors' determinations with respect to the Satisfied Claims, Partially Satisfied Claims, No Liability Claims, Late Filed Claim, and Amended Claim are based on a review of the Reorganized Debtors' claims register, the relevant proofs of claim, the Reorganized Debtors' books and records, including the Oracle R12 accounts payable system (the "Books and Records"), and the supporting documentation, if any, provided by each relevant claimant (a "Claimant"). The Satisfied Claims, Partially Satisfied Claims, No Liability Claims, Late Filed Claim, and Amended Claim should be disallowed in their entirety.

2. In support of this Objection, the Reorganized Debtors submit the *Declaration of Holden Bixler in Support of the Reorganized Debtors' Eleventh Omnibus Objection to Certain Proofs of Claim (Satisfied Claims, Partially Satisfied Claims, No Liability Claims, Late Filed Claim, and Amended Claim)* (the "Bixler Declaration"), attached hereto as **Exhibit A**.

### Jurisdiction and Venue

3. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Reorganized Debtors confirm their consent to the entry of a final order by the Court.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3

5. The bases for the relief requested herein are sections 105(a) and 502(b) of the Bankruptcy Code, rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 3007-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the *Order Approving Omnibus Claims Objection Procedures and Filing of Substantive Omnibus Claims Objections* [Docket No. 1316] (the "Objection Procedures Order"), authorizing the Debtors to file omnibus objections to certain claims in accordance with the procedures set forth therein (the "Objection Procedures"). This Objection is filed in accordance with the Objection Procedures.

**The Claims Reconciliation Process**

6. On April 9, 2021, the Debtors filed their statements of financial affairs and schedules of assets and liabilities [Docket Nos. 543–62] (the "SOFAs and Schedules") pursuant to Bankruptcy Rule 1007.

7. On April 16, 2021, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, (IV) Approving Notice of Bar Dates, and (V) Granting Related Relief* [Docket No. 600] (the "Bar Date Order"), establishing certain dates and deadlines for filing proofs of claim in these chapter 11 cases. The Bar Date Order established, among other things, June 14, 2021, at 5:00 p.m. prevailing Central Time (the "General Bar Date"), as the deadline for all non-governmental entities holding or wishing to assert a "claim" (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtors that arose before the Petition Date to file proof of such claim in writing, and August 11, 2021, at 5:00 p.m. prevailing Central Time (the "Governmental Bar Date"), as the

4

deadline for all governmental entities holding or wishing to assert a claim against any of the Debtors that arose before the Petition Date to file proof of such claim in writing.

8. As of the date of this Objection, over 470 proofs of claim have been filed against the Debtors in addition to over 2100 scheduled claims, totaling approximately $8.71 billion in the aggregate.[3] The Reorganized Debtors and their advisors (collectively, the "Reviewing Parties") have diligently reviewed the claims register, the relevant proofs of claim, the Debtors' Books and Records, and the supporting documentation provided by each Claimant, if any. For the reasons set forth below, and based on their review to date, the Reviewing Parties have determined that the No Liability Claims, Satisfied Claims, Amended Claim, and Late Filed Claim should be disallowed as set forth herein.

## Objection

9. Section 502(a) of the Bankruptcy Code provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). A court "shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—such claim is unenforceable against the debtor and the property of the debtor . . . ." 11 U.S.C. § 502(b)(1). Bankruptcy Rule 3007(d) allows a debtor to object to multiple claims in an omnibus format when "they were not timely filed; [or] they have been satisfied or released during the case in accordance with the Code, applicable rules or a court order. . . ." Fed. R. Bankr. P. 3007(d)(4)-(5). The Objection Procedures further authorize the Reorganized Debtors to file omnibus objections to claims on the basis that they "seek recovery of amounts for which the Debtors are not liable." Omnibus Procedures ¶ 1(b).

---

[3] The Reorganized Debtors also anticipate additional claims will be filed in the form of rejection damages claims.

5

10. A properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. Fed. R. Bankr. P. 3001(f). A proof of claim loses the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). Once such an allegation is refuted, the burden shifts to the claimant to prove the validity of its claim by a preponderance of the evidence. *See id*. Despite this shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)).

### The Satisfied Claims

11. The Reorganized Debtors object to the Satisfied Claims listed in Schedule 1 attached to the Order. As set forth herein and in the Bixler Declaration, the Reviewing Parties have thoroughly reviewed the claims register, the relevant proofs of claim, and the supporting documentation provided by each Claimant, if any, and believe that each of the Satisfied Claims, as identified in Schedule 1 to the Order, has been previously paid or otherwise satisfied or released prior to or during these chapter 11 cases in accordance with the Bankruptcy Code, any applicable rules, or Court orders, or in the ordinary course of the Debtors' business, and in the manner (*e.g.*, check payment) set forth on Schedule 1. Accordingly, the Reorganized Debtors have no outstanding obligations with respect to the Satisfied Claims. Failure to disallow the Satisfied Claims could result in the applicable Claimants receiving unwarranted, duplicate recoveries against the Reorganized Debtors to the detriment of other creditors and the estates.

**The Partially Satisfied Claims**

12. The Reorganized Debtors object to the Partially Satisfied Claims listed in Schedule 2 attached to the Order. As set forth herein and in the Bixler Declaration, the Reviewing Parties have thoroughly reviewed the claims register, the relevant proofs of claim, and the supporting documentation provided by each Claimant, if any, and believe that portions of certain claims, identified as Partially Satisfied Claims and listed in Schedule 2 to the Order, have been previously paid or otherwise satisfied or released prior to or during these chapter 11 cases in accordance with the Bankruptcy Code, any applicable rules, or Court orders, or in the ordinary course of the Debtors' business, and in the manner (*e.g.*, check payment) set forth on Schedule 2. Accordingly, the Reorganized Debtors have no outstanding obligations with respect to the Partially Satisfied Claims. Failure to disallow the Partially Satisfied Claims could result in the applicable Claimants receiving unwarranted, duplicate recoveries against the Reorganized Debtors to the detriment of other creditors and the estates.

**The No Liability Claims**

13. The Reorganized Debtors object to the No Liability Claims listed in Schedule 3 attached to the Order. As set forth in the Bixler Declaration, the Reviewing Parties have thoroughly reviewed the claims register, the relevant proofs of claim, the Reorganized Debtors' Books and Records, and the supporting documentation provided by each Claimant, if any, and have determined that the Reorganized Debtors are not liable for the No Liability Claims for the reasons specified in Schedule 3 to the Order. Certain of the No Liability Claims are obligations that appear to be owed by a non-debtor affiliate. For other No Liability Claims, the underlying invoices are invalid because of the Claimant's failure to comply with applicable governing agreements and the Debtors' procedures for submitting invoices. For other No Liability Claims, the Reorganized Debtors' records reflect that all outstanding liabilities to the Claimant as of the

Petition Date have been paid and the Reorganized Debtors do not have records of the asserted invoices and are therefore not liable for such amounts. Failure to disallow the No Liability Claims could result in the applicable Claimant receiving an unwarranted recovery to the detriment of other creditors and the estates.

### The Late Filed Claim

14. The Reorganized Debtors object to the Late Filed Claim listed in Schedule 4 attached to the Order. As set forth herein and in the Bixler Declaration, the Reviewing Parties have thoroughly reviewed the claims register, the relevant proofs of claim, the Reorganized Debtors' books and records, and the supporting documentation provided by each Claimant, if any, and believe that the Late Filed Claim was not filed by the General Bar Date or Governmental Bar Date, as applicable. Accordingly, the Late Filed Claim should be disallowed.

### The Amended Claim

15. The Reorganized Debtors object to the Amended Claim listed in Schedule 5 attached to the Order. As set forth in the Bixler Declaration, the Reviewing Parties have thoroughly reviewed the Debtors' books and records, the claims register, the relevant proofs of claim, and the supporting documentation provided by each Claimant, if any, and have determined that a subsequently filed proof of claim has amended and superseded the Amended Claim. The subsequently filed proof of claim changed asserted claim amounts and other information originally asserted in the Amended Claim. The Amended Claim should be disallowed. If the Amended Claim is not disallowed, the creditor filing such claim may stand to recover twice for the same liability.

### Reservation of Rights

16. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Reorganized Debtors or any other party in interest to object to the

8

Satisfied Claims, Partially Satisfied Claims, No Liability Claims, Amended Claim, and Late Filed Claim (collectively, the "Disputed Claims") on any grounds whatsoever. The Reorganized Debtors expressly reserve all further substantive or procedural objections they may have. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Reorganized Debtors' rights under the Bankruptcy Code or any other applicable law.

## Notice

17.     Notice of the hearing on the relief requested in this Objection will be provided by the Reorganized Debtors in accordance and compliance with Bankruptcy Rule 3007, as well as the Bankruptcy Local Rules, and is sufficient under the circumstances. Without limiting the foregoing, due notice will be afforded, whether by facsimile, electronic mail, overnight courier, or hand delivery, to parties in interest, including: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the Claimants; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no further notice is required.

WHEREFORE, the Reorganized Debtors request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
March 30, 2023

/s/ *Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jennifer F. Wertz (TX Bar No. 24072822) | Anup Sathy, P.C. (admitted *pro hac vice*) |
| Vienna F. Anaya (TX Bar No. 24091225) | Ross M. Kwasteniet, P.C. (admitted *pro hac vice*) |
| Victoria Argeroplos (TX Bar No. 24105799) | Spencer Winters (admitted *pro hac vice*) |
| 1401 McKinney Street, Suite 1900 | 300 North LaSalle Street |
| Houston, TX 77010 | Chicago, Illinois 60654 |
| Telephone: (713) 752-4200 | Telephone: (312) 862-2000 |
| Facsimile: (713) 752-4221 | Facsimile: (312) 862-2200 |
| Email: mcavenaugh@jw.com | Email: asathy@kirkland.com |
|   jwertz@jw.com |   rkwasteniet@kirkland.com |
|   vanaya@jw.com |   spencer.winters@kirkland.com |
|   vargeroplos@jw.com | |

*Co-Counsel to the Debtors*

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christopher Marcus, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: cmarcus@kirkland.com

*Co-Counsel to the Debtors*

**Certificate of Service**

    I certify that on March 30, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                              */s/ Matthew D. Cavenaugh*
                                              Matthew D. Cavenaugh

# Exhibit A

**Bixler Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEADRILL LIMITED, *et al.*,[1] | ) | Case No. 21-30427 (DRJ) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**DECLARATION OF HOLDEN BIXLER IN SUPPORT OF**
**THE REORGANIZED DEBTORS' ELEVENTH OMNIBUS OBJECTION TO**
**CERTAIN PROOFS OF CLAIM (SATISFIED CLAIMS, PARTIALLY SATISFIED**
**CLAIMS, NO LIABILITY CLAIMS, LATE FILED CLAIM, AND AMENDED CLAIM)**

I, Holden Bixler, hereby declare under penalty of perjury:

1. I am a Managing Director at Alvarez & Marsal North America, LLC ("A&M"), financial advisors to the above-captioned reorganized debtors (before the Effective Date of the Plan, collectively, the "Reorganized Debtors"). I, along with my colleagues at A&M, have been engaged by the Reorganized Debtors to provide various restructuring services.

2. As part of my current position, I am responsible for certain claims management and reconciliation matters. I am generally familiar with the Reorganized Debtors' day-to-day operations, financing arrangements, business affairs, and books and records including the Oracle R12 accounts payable system (the "Books and Records"), that reflect, among other things, the Reorganized Debtors' liabilities and the amounts thereof owed to their creditors as of the Petition Date. I have read the *Reorganized Debtors' Eleventh Omnibus Objection to Certain Proofs of*

---

[1] A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/SeadrillLimited/. The location of Reorganized Debtor Seadrill Americas, Inc.'s principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is 11025 Equity Drive, Suite 150, Houston, Texas 77041.

*Claim (Satisfied Claims, Partially Satisfied Claims, No Liability Claims, Late Filed Claim, and Amended Claim)* (the "Objection").[2]

3. To the best of my knowledge, information, and belief, the assertions made in the Objection are accurate. In evaluating the Satisfied Claims, Partially Satisfied Claims, No Liability Claims, Late Filed Claim, and Amended Claim (the "Disputed Claims"), the Reviewing Parties thoroughly reviewed the claims register, the relevant proofs of claim, the Reorganized Debtors' Books and Records, and the supporting documentation provided by each Claimant, if any, and determined that each Disputed Claim should be disallowed. To the best of my knowledge, the Reorganized Debtors' Books and Records are accurate with respect to the Disputed Claims. I believe that the disallowance of the Disputed Claims on the terms set forth in the Objection and on Schedules 1, 2, 3, 4 and 5 to the Order is appropriate.

**The Satisfied Claims**

6. To the best of my knowledge, information, and belief, the Reviewing Parties have thoroughly reviewed the claims register, the relevant proofs of claim, and the supporting documentation provided by each Claimant, if any, and believe that each of the Satisfied Claims, as identified in Schedule 1 to the Order, has been previously paid or otherwise satisfied or released prior to or during these chapter 11 cases in accordance with the Bankruptcy Code, any applicable rules, or Court orders, or in the ordinary course of the Debtors' business, and in the manner (*e.g.*, check payment) set forth on Schedule 1. Accordingly, the Reorganized Debtors have no outstanding obligations with respect to the Satisfied Claims. Failure to disallow the Satisfied

---

[2] Capitalized terms used but not otherwise defined herein shall have the same meaning ascribed to them in the Objection.

2

Claims could result in the applicable Claimants receiving unwarranted, duplicate recoveries against the Reorganized Debtors to the detriment of other creditors and the estates.

7. If the Satisfied Claims are not disallowed, the holders of such claims could receive an unwarranted recovery to the detriment of other creditors and the estates. I believe that the disallowance of the Satisfied Claims on the terms set forth in the Objection and Schedule 1 to the Order is appropriate.

**The Partially Satisfied Claims**

6. To the best of my knowledge, information, and belief, the Reviewing Parties have thoroughly reviewed the claims register, the relevant proofs of claim, and the supporting documentation provided by each Claimant, if any, and believe that portions of certain claims, identified as Partially Satisfied Claims and listed on Schedule 2 to the Order, have been previously paid or otherwise satisfied or released prior to or during these chapter 11 cases in accordance with the Bankruptcy Code, any applicable rules, or Court orders, or in the ordinary course of the Debtors' business, and in the manner (*e.g.*, check payment) set forth on Schedule 2. Accordingly, the Reorganized Debtors have no outstanding obligations with respect to the Partially Satisfied Claims. Failure to disallow the Partially Satisfied Claims could result in the applicable Claimants receiving unwarranted, duplicate recoveries against the Reorganized Debtors to the detriment of other creditors and the estates.

7. If the Partially Satisfied Claims are not disallowed, the holders of such claims could receive an unwarranted recovery to the detriment of other creditors and the estates. I believe that the disallowance of the Satisfied Claims on the terms set forth in the Objection and Schedule 2 to the Order is appropriate.

**The No Liability Claims**

4. To the best of my knowledge, information, and belief, the Reviewing Parties have thoroughly reviewed the claims register, the relevant proofs of claim, the Reorganized Debtors' Books and Records, and the supporting documentation provided by each Claimant, if any, and have determined that the Reorganized Debtors are not liable for the No Liability Claims for the reasons specified in Schedule 3 to the Order. Certain of the No Liability Claims are obligations that appear to be owed by a non-debtor affiliate. For other No Liability Claims, the underlying invoices are invalid because of the Claimant's failure to comply with applicable governing agreements and the Debtors' procedures for submitting invoices. For other No Liability Claims, the Reorganized Debtors' records reflect that all outstanding liabilities to the Claimant as of the Petition Date have been paid and the Reorganized Debtors do not have records of the asserted invoices and are therefore not liable for such amounts. Failure to disallow the No Liability Claims could result in the applicable Claimant receiving an unwarranted recovery to the detriment of other creditors and the estates.

5. If the No Liability Claims are not disallowed, the holders of such claims could receive an unwarranted recovery to the detriment of other creditors and the estates. I believe that the disallowance of the No Liability Claims on the terms set forth in the Objection and Schedule 3 to the Order is appropriate.

**The Late Filed Claim**

6. To the best of my knowledge, information, and belief, the Reviewing Parties have thoroughly reviewed the claims register, the relevant proofs of claim, the Reorganized Debtors' books and records, and the supporting documentation provided by each Claimant, if any, in determining that the Late Filed Claim listed on Schedule 4 of the Order was filed after the Bar Date or the Governmental Bar Date, as applicable. Accordingly, the Reorganized Debtors have

no outstanding obligations with respect to the Late Filed Claim. Disallowing the Late Filed Claim will provide the Reorganized Debtors and the affected Claimants with certainty regarding which claims will control for distribution purposes. Accordingly, I believe that the disallowance of the Late Filed Claim on the terms set forth in the Objection and Schedule 4 to the Order is appropriate.

7. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information and belief as of the date hereof.

### The Amended Claim

8. To the best of my knowledge, information, and belief, the Reviewing Parties have thoroughly reviewed the Debtors' books and records, the claims register, the relevant proofs of claim, and the supporting documentation provided by each Claimant, if any, and have determined that a subsequently filed proof of claim has amended and superseded the Amended Claim. The subsequently filed proof of claim changed asserted claim amounts and other information originally asserted in the Amended Claim. As such, the Amended Claim should be disallowed. If the Amended Claim is not disallowed, the creditor filing such claim may stand to recover twice for the same liability. Accordingly, I believe that the disallowance of the Amended Claim on the terms set forth in the Objection and Schedule 5 to the Order is appropriate.

Dated: March 30, 2023

*/s/ Holden Bixler*
Holden Bixler
Managing Director
Alvarez & Marsal North America, LLC