United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 07, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> SEADRILL LIMITED, *et al.*,[1] <br><br> Reorganized Debtors. | Chapter 11 <br><br> Case No. 21-30427 (CML) <br><br> (Jointly Administered) |

### ORDER REGARDING THE REORGANIZED DEBTORS' EMERGENCY MOTION TO ENFORCE PLAN DISCHARGE AND INJUNCTION PROVISIONS AND CONFIRMATION ORDER [DKT 1671] AND THE EMERGENCY MOTION OF HALLIBURTON ENERGY SERVICES, INC. SEEKING PERMISSION TO CONTINUE AN ARBITRATION PROCEEDING AGAINST CERTAIN OF THE REORGANIZED DEBTORS [DKT 1672]

(Relates to Docket Nos. 1671 & 1672)

This Court held a hearing on the Reorganized Debtors' *Emergency Motion to Enforce Plan Discharge and Injunction Provisions and Confirmation Order* [Docket No. 1671] and Halliburton Energy Services, Inc.'s ("Halliburton") *Emergency Motion of Halliburton Energy Services, Inc. Seeking to Continue an Arbitration against Certain of the Reorganized Debtors* [Docket No. 1672] on October 2, 2024. The Court finds as follows:

A. On October 26, 2021, the Court entered the *Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of Seadrill Limited and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1158] (the "Confirmation Order") confirming the *Second Amended Joint Chapter 11 Plan of Reorganization of Seadrill Limited and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1109] (the "Plan").

B. The Court has jurisdiction to interpret and enforce the Confirmation Order. *Travelers v. Bailey*, 557 U.S. 139 (2009).

---

[1] A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/SeadrillLimited. The location of Reorganized Debtor Seadrill Americas, Inc.'s principal place of business and the Reorganized Debtors' service address in these chapter 11 cases is 11025 Equity Drive, Suite 150, Houston, Texas 77041.

C. Halliburton initiated a "Request for Arbitration" (the "Arbitration Petition") with the Internal Chamber of Commerce in the International Court of Arbitration ("ICC") against Seadrill Deepwater Units Pte Ltd. ("Seadrill") (the "ICC Arbitration").

D. The ICC Arbitration contains various forms of relief, including declaratory and monetary relief as set out in paragraph 74 of the ICC Arbitration.

E. Paragraph 89(e) of the Confirmation Order and Article VIII of the Plan contain an injunction (the "Seadrill Plan Injunction") that applies to the monetary relief that Halliburton seeks in the ICC Arbitration. The relief requested in the Arbitration Petition at paragraphs 74(c) through (g) relate to prepetition claims that violate the Seadrill Plan Injunction. However, the Seadrill Plan Injunction does not apply to the declaratory relief sought in the Arbitration Petition at paragraphs 74(a) and (b) regarding ownership.

**IT IS HEREBY ORDERED THAT:**

1. Within five (5) business days after the entry of this Order, Halliburton shall amend the Arbitration Petition with the ICC and withdraw subparagraphs (c) through (g) of paragraph 74 of the Arbitration Petition (the "Amended Arbitration Petition").

2. Halliburton must seek further relief from this Court to assert any monetary relief against Seadrill in any forum related to the allegations in the Arbitration Petition.

3. Upon the filing of the Amended Arbitration Petition, Halliburton is only permitted to continue to seek the declaratory relief sought in the Arbitration Petition at paragraphs 74(a) and (b) regarding ownership.

4. All of Seadrill's rights, defenses, and arguments it has or may have with respect to the ICC Arbitration are expressly reserved and nothing herein prejudices such rights, defenses, and

arguments with respect to the ICC Arbitration, including that there is no dispute between Seadrill and Halliburton that neither Seadrill nor DSIC has any ownership rights in the Equipment.

5. Entry of this Order is without prejudice to the rights of Seadrill to seek further relief to protect any and all rights it has under the Plan and Confirmation Order, including to enforce the Plan's discharge provisions and the Seadrill Plan Injunction; and except as set forth herein, this order does not prejudice any and all rights and defenses Halliburton may have.

6. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Signed: October 07, 2024

_____
Christopher Lopez
United States Bankruptcy Judge